USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/20/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK C. OBAH,

                              Plaintiff,

-against-

DEPARTMENT OF ADMINISTRATION FOR
CHILDREN'S SERVICES, et al.,

                             Defendants.

1:23-cv-4997-GHW

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1981, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging that the New York City Administration for Children's Services ("ACS") discriminated against him because of his race, color, religion, and national origin. By order dated June 14, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). The Court directs service on Defendants.

## DISCUSSION

**A.**  **Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants ACS, Robert Holmes, Alesha Bovell-John, and Carol Jacob through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Denial of *Pro Bono* Counsel**

Plaintiff submitted an application for the Court to request *pro bono* counsel. Dkt. No. 3. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants ACS, Holmes, Bovell-John, and Jacob, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

3

The Court denies Plaintiff's application for the Court to request *pro bono* counsel, Dkt. No. 3, without prejudice to renewal later.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 20, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. New York City Administration for Children's Services
   150 William Street, 8th Floor
   New York, NY 10038

2. Robert Holmes
   New York City Administration for Children's Services
   150 William Street, 8th Floor
   New York, NY 10038

3. Alesha Bovell-John
   New York City Administration for Children's Services
   150 William Street, 8th Floor
   New York, NY 10038

4. Carol Jacob
   New York City Administration for Children's Services
   150 William Street, 8th Floor
   New York, NY 10038