```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/17/2025
```

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Patrick Obah,<br><br>                    Plaintiff,<br><br>      -against-<br><br>City of New York et al.,<br><br>                    Defendants. | 1:23-cv-04997 (GHW) (SDA)<br><br>**REPORT AND RECOMMENDATION** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE GREGORY H. WOODS, UNITED STATES DISTRICT JUDGE:**

*Pro se* plaintiff Patrick Obah ("Plaintiff" or "Obah") brings claims in this action alleging discrimination based on race, color, religion and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et seq.*; 42 U.S.C. § 1981; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* (Am. Compl., ECF No. 33, ¶¶ 1, 70-71.) Defendants City of New York (the "City"),[1] Robert Holmes ("Holmes"), Alesha Bovell-John ("Bovell-John") and Carol Jacob ("Jacob") (collectively, the "Individual Defendants" and together with the City, the "Defendants") move to dismiss Plaintiff's Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim. (Defs.' 9/23/24 Mot.

---

[1] Although in the Amended Complaint Plaintiff continues to refer to the Department of Administration for Children's Services ("ACS") as a defendant, the Court previously dismissed Plaintiff's claims against ACS since it is not suable entity and substituted the City as the proper defendant. *See Obah v. Dep't of Admin. for Children's Servs.*, No. 23-CV-04997 (GHW) (SDA), 2024 WL 2848903, at *5 (S.D.N.Y. May 2, 2024), *report and recommendation adopted*, 2024 WL 2848883 (S.D.N.Y. May 30, 2024). Accordingly, the Court construes Plaintiff's claims against ACS to be claims against the City.

to Dismiss, ECF No. 39.) For the reasons set forth below, it is respectfully recommended that Defendants' motion be GRANTED IN PART and DENIED IN PART.

## FACTUAL BACKGROUND[2]

Obah is an African American male, born and raised in Nigeria, and an ordained Roman Catholic priest. (Am. Compl. ¶¶ 1-3.) Obah earned his undergraduate degree at the Major Seminary of Philosophy in Brazzaville, Republic of Congo. (*Id*. ¶ 3.) After immigrating to the United States, Obah earned his master's degree from St. Elizabeth University. (*Id*.) On December 15, 2022, Obah received a conditional offer of employment for the position of Youth Development Specialist ("YDS") with the Division of Youth and Family Justice at ACS. (*Id*. ¶ 8.) Obah's employment was subject to the verification of the minimum qualification requirements for the position, including an evaluation of any foreign education credentials. (*Id*.)

Upon receiving his offer, Obah submitted proof of his qualifications to Holmes, a compliance specialist with ACS. (Am. Compl. ¶ 21.) Holmes refused to accept Obah's credentials, telling Obah that he did not understand his degrees. (*Id*. ¶ 22.) On March 21, 2023, Obah contacted Jacob, the Director of Employment Compliance, regarding Holmes's refusal to accept his translated and verified undergraduate transcript. (*Id*. ¶ 23.) Obah told Jacob that he believed he was discriminated against because he was not born in the United States, noting peers who received offers the same day that already had started working, and requested that Jacob review his academic credentials. (*Id*. ¶ 24-25.)

---

[2] For purposes of the pending motion to dismiss, the Court accepts Plaintiff's allegations as true and draws all reasonable inferences in his favor. *See City of Providence v. Bats Glob. Mkts., Inc.*, 878 F.3d 36, 48 (2d Cir. 2017).

On March 31, 2023, Jacob informed Obah that his master's degree was accepted, but did not automatically qualify him for the position. (Am. Compl. ¶ 26.) Obah's foreign education evaluation from the World Evaluation Services was not accepted, but Jacob provided Obah with a list of organizations where he could have his undergraduate transcript evaluated, as well as the education and experience requirements for the YDS position. (*Id*. ¶¶ 27-28, 32.) On April 3, 2023, Plaintiff's undergraduate transcript was translated from French and verified by a company called Validential. (*Id*. ¶ 29.)

On April 4, 2023, Bovell-John, Senior Investigator with the Office of Human Resources, requested contacts for individuals who could verify Obah's experience working with youth and young adults. (Am. Compl. ¶ 38.) On April 6, 2023, Obah provided contact information for Jose Maria, the director of a program at New York Presbyterian that Obah completed, as well as contact information for Reverend Father Jude Egbeji and a recommendation from St. John the Baptist Church. (*Id*. ¶¶ 39-41.) Bovell-John contacted another reference, but that reference did not respond. (*Id*. ¶ 43.) ACS rescinded Obah's job offer on August 17, 2023. (*Id*. ¶ 44.)

## PROCEDURAL HISTORY

Obah filed his initial Complaint on June 13, 2023. (Compl., ECF No. 1.) Defendants moved to dismiss for failure to state a claim and, on May 30, 2024, the Court granted the motion and also granted Plaintiff leave to amend. (5/30/24 Order, ECF No. 27.) Plaintiff filed an Amended Complaint on July 17, 2024. (*See* Am. Compl.) Defendants filed the motion to dismiss the Amended Complaint that is now before this Court on September 23, 2024. (*See* Defs.' 9/23/24 Mot. to Dismiss.) Plaintiff filed his opposition on October 25, 2024, and Defendants filed their

3

reply on November 8, 2024. (Pl.'s 10/25/24 Opp., ECF 41; Defs.' 11/8/24 Reply, ECF No. 42.) On January 6, 2025, Plaintiff filed a "rebuttal statement[.]" (*See* Pl.'s 1/26/25 Ltr., ECF 46.[3])

## LEGAL STANDARDS ON A MOTION TO DISMISS

A complaint must include at least "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not pass muster. *Iqbal*, 556 U.S. at 678. For purposes of a motion to dismiss, the Court will "accept as true" all allegations as pled. *Id*.

When reviewing a *pro se* complaint, the Court holds the pleadings to less "stringent standards" than pleadings drafted by counsel and will employ a liberal interpretation to "raise the strongest arguments they suggest." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, a *pro se* plaintiff "must still plead enough facts

---

[3] Plaintiff's rebuttal statement primarily repeats the allegations set forth in the Amended Complaint, although the statement also appears to include allegations of retaliation. (*See* Pl.'s 1/26/25 Ltr. at 1-7.) In addition, Plaintiff attaches what appear to be internet comments relating to ACS job postings and medical records regarding a pre-employment examination. (*Id*. at 8-19.) The Court need not consider Plaintiff's unauthorized filing. *See U.S. Sec. & Exch. Comm'n v. Amah*, No. 21-CV-06694 (KMK), 2024 WL 3159846, at *2 n.2 (S.D.N.Y. June 25, 2024) (citing cases). If Plaintiff seeks to add any claim for retaliation, which is not included in the Amended Complaint, he must file a motion to amend in order to do so. *See* Fed. R. Civ. P. 15.

to state a claim to relief that is plausible on its face." *Owens v. City of New York*, No. 14-CV-00966 (KBF), 2015 WL 715841, at *1 (S.D.N.Y. Feb. 19, 2015) (citing *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). Moreover, *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. N.Y. State Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

"In determining the adequacy of a claim under Rule 12(b)(6), a court is generally limited to 'facts stated on the face of the complaint,' 'documents appended to the complaint or incorporated in the complaint by reference,' and 'matters of which judicial notice may be taken.'" *Zoulas v. N.Y.C. Dep't of Educ.*, 400 F. Supp. 3d 25, 48 (S.D.N.Y. 2019) (quoting *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)). According to the Second Circuit, "incorporation by reference" can include "a clear, definite, and substantial reference to the documents." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). If a document is not explicitly incorporated into the complaint, the Court may consider it when the complaint heavily relies on its terms and effects. *See id*.

## DISCUSSION

In the Amended Complaint, Plaintiff alleges that he was discriminated against on the basis of his race, color national origin and religion because ACS rescinded his conditional employment offer while applicants born in the United States who were interviewed on the same day started working. (Am. Compl. ¶¶ 24, 44 73.) Plaintiff also alleges that Defendants discredited his education and experience because they were based on theology. (*Id*. ¶ 37.) Defendants contend

that Plaintiff's Amended Complaint fails to cure the deficiencies in his original Complaint and should be dismissed with prejudice. (Defs.' 9/23/24 Mem., ECF No. 39-4, at 1, 4-10.)

The Court considers each of Plaintiff's claims below.

I. **Discrimination Claims Under Title VII**

Title VII prohibits employers from "refus[ing] to hire or to discharge" individuals or discriminating against individuals regarding "compensation, terms, conditions, or privileges of employment" because of "race, color, religion, sex, or national origin[.]" 42 U.S.C. 2000e-2(a)(1). The Court previously dismissed Plaintiff's Title VII claims against the Individual Defendants, without leave to replead, because Title VII does not impart individual liability. *Obah*, 2024 WL 2848903, at *5; *see also Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2009). Accordingly, the Court considers only Plaintiff's Title VII claims against the City.

To state a claim against an employer under Title VII, a plaintiff must allege: "(1) the employer discriminated against him (2) because of his race, color religion, sex, or national origin." *Buon v. Spindler*, 65 F.4th 64, 78 (2d Cir. 2023) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015)). For purposes of a motion to dismiss for failure to state a claim, a complaint must plausibly allege facts illustrating that the plaintiff: "[(1)] is a member of a protected class, [(2)] was qualified, [(3)] suffered an adverse employment action, and [(4)] has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Buon*, 65 F.4th at 79 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). "An inference of discrimination can arise from circumstances including, but not limited to, the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable

6

treatment of employees not in the protected group; or the sequence of events leading to the [adverse action]." *Littlejohn*, 795 F.3d at 312.

Defendants argue that the Amended Complaint fails as to the second and fourth elements. (Defs.' 9/23/24 Mem. at 5.) "To be 'qualified for a position . . . an employee must not only be capable of performing the work; [they] must also satisfy the employer's conditions of employment. *Moore v. City of New York*, No. 16-CV-07358 (RJS), 2018 WL 1281809, at *4 (S.D.N.Y. Mar. 8, 2018), *aff'd*, 745 F. App'x 401 (2d Cir. 2018). "The Second Circuit has directed district courts to afford broad deference to the employer's choice of hiring criteria for a position[.]" *Monger v. Conn. Dep't of Transp.*, No. 17-CV-00205 (JCH), 2019 WL 399908, at *9 (D. Conn. Jan. 31, 2019) (quoting *Thornley v. Penton Pub., Inc.*, 104 F.3d 26, 29 (2d Cir. 1997)). An "employer who is sued on allegations of [ ] discrimination is not compelled to submit the reasonableness of its employment criteria to the assessment of either judge or jury," "[a]bsent a showing by the plaintiff that the employer's demands were made in bad faith[.]" *Id*. (quoting Thornley, 104 F.3d at 29). "Bad faith may be shown with evidence that an employer does not uniformly apply its hiring criteria, such as when employers 'relax[]' job requirements only for employees who are not members of the plaintiff's protected class." *Id*. (quoting *Howley v. Town of Stratford*, 217 F.3d 141, 152 (2d Cir. 2000)). "To be sure, the existence of [employer-mandated] conditions will not defeat an otherwise viable claim of discrimination if the conditions are applied in a discriminatory manner." *Moore*, 2018 WL 1281809, at *4 (citing *Howley*, 217 F.3d at 151).

This Court previously dismissed Plaintiff's Title VII claim on the ground that he had not plausibly alleged that he was qualified for the YDS position. In particular, the Court found that Plaintiff had not plausibly alleged that he satisfied ACS's conditions of employment, including

7

that his credentials be evaluated through an approved evaluation service. *See Obah*, 2024 WL 2848903 at *6. The Court also found that Plaintiff had not made a showing that the employer-mandated conditions were applied in a discriminatory manner or that discrimination played any role in the decision to terminate his offer. *See id*. at *6-7.

The Court agrees with Defendants that Plaintiff still fails to allege that he was qualified for the YDS position. (Defs.' 9/23/24 Mem. at 5-7.) Plaintiff alleges that his foreign academic credentials were verified by World Evaluation Services and Validential. (Am. Compl. ¶¶ 13, 29, 31.) However, neither of these entities were on the list of Approved Foreign Education Evaluation Services for ACS that was presented to Plaintiff.[4] (*See* Chazin Decl. Ex. A, ECF No. 39-2.) Plaintiff's allegations that other employers and educational institutions have accepted his qualifications (*see* Am. Compl. ¶ 33, 47-52, 60, 63, 65; Pl.'s 10/25/24 Opp. at 2) are of no moment because Plaintiff must plausibly allege that he met the qualifications set by ACS.[5] *See Williams v. R.H. Donelly*, 368 F.3d 123, 127 (2d Cir. 2004) ("We have held that being qualified refers to the criteria the employer has specified for the position.") (internal quotations omitted).

However, in his opposition to Defendants' motion, Plaintiff adds allegations that others started working immediately "without showing evidence of education or work history[,]"

---

[4] The Court considers the list provided by Defendants in opposition to the motion to dismiss because Plaintiff attached a portion of it in his original Complaint (*see* Compl. at PDF p. 36) and relied on it in bringing suit. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

[5] Plaintiff also alleges that he was required to pay for an evaluation of foreign credentials before his employment began, unlike his American-born peers. (Am. Compl. ¶ 12.) Yet, he does not allege that these American-born peers required validation of foreign education. Thus, he has not alleged "a similar enough comparator 'to support at least a minimal inference that the difference of treatment may be attributable to discrimination.'" *Obah*, 2024 WL 2848903, at *7 (quoting *McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001)). Plaintiff's conclusory allegation that his education and experience were rejected because they were based on theology also is insufficient to raise even minimal support for an inference of discriminatory intent. *See id*.

including a "few people" born in the United States who told him they only had a GED or high school diploma "without experience." (Pl.'s 10/25/24 Opp. at 2, 3.) Defendants argue that Plaintiff does not allege any facts suggesting that these individuals were treated differently because of Plaintiff's protected traits. (Defs.' 11/8/24 Reply at 3.) To the contrary, a reasonable inference could be drawn from these allegations that the qualifications were enforced for discriminatory reasons. *See Howley v. Town of Stratford*, 217 F.3d 141, 151-52 (2d Cir. 2000) (fact that hiring criterion relaxed for two men allowed rational factfinder to infer that plaintiff's failure to meet criterion was not genuine explanation for failure to hire). Accepting Plaintiff's allegations as true, as the Court must at this stage of the proceedings, the Court finds that these allegations are sufficient to nudge his claim across the line from conceivable to plausible. Accordingly, the Court recommends that Defendants' motion to dismiss Plaintiff's Title VII claim be denied with respect to his claim against the City based on national origin, but granted in all other respects.

## II.     Race Discrimination Claims Under 42 U.S.C. § 1983[6]

Defendants argue that Plaintiff's claims for race discrimination under 42 U.S,C. § 1983 should be dismissed for the same reasons as his Title VII claims. (Defs.' 9/23/24 Mem. at 9.) Defendants further argue that Plaintiff does not allege that the failure to hire was discriminatory by any of the named defendants and as such, the § 1983 claims against them should be dismissed. (*See id*. at 10.) In reply, Defendants also argue that Plaintiff's claim against the City should be

---

[6] Although Plaintiff again references 42 U.S.C. § 1981, the Court previously explained that § 1981 does not provide a separate cause of action against state actors and construed Plaintiff's claims as arising under § 1983. *See Obah*, 2024 WL 2848903, at *8 (citing *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018)). The Court does the same again here.

dismissed because he did not allege that the challenged acts were performed pursuant to a city policy or custom. (Defs.' 11/8/24 Reply at 3.)

"To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law." *Collymore v. City of New York*, 767 F. App'x 42, 45 (2d Cir. 2019) (citing *Vega*, 801 F.3d at 87-88). Once the first prong is met, a plaintiff's § 1983 claim "parallels [a] Title VII claim, except that a § 1983 claim, unlike a Title VII claim, can be brought against an individual." *Id.* (cleaned up). To maintain a § 1983 action against a municipality, a plaintiff also must allege that the "challenged acts were performed pursuant to a municipal policy or custom[.]" *Duplan*, 888 F.3d at 621. In addition, "a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983." *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004).

Plaintiff has not alleged who made the decision to rescind his employment offer or allege the involvement of any of the Individual Defendants in the decision to do so. Plaintiff also has not alleged that the City applied its hiring criteria in a racially discriminatory manner pursuant to a policy or custom. Accordingly, it is recommended that Defendants' motion to dismiss be granted with respect to Plaintiff's § 1983 claims.

### III.     Discrimination Claims Under The NYSHRL And The NYCHRL

Defendants argue that Plaintiff's claims under the NYSHRL and NYCHRL claims should be dismissed because he has alleged nothing to support an inference of discrimination, "which is as

fatal to [his] NYSHRL and NYCHRL claims as it is to his Title VII claims." (Defs.' 9/23/24 Mem. at 8.)

The NYSHRL prohibits New York employers from refusing to "hire or employ or to bar or to discharge from employment" any person because of their "race, creed, color, national origin, citizenship" or discriminating against such persons in "terms, conditions or privileges of employment." N.Y. EXEC. LAW § 296(1)(a). Similarly, the NYCHRL prohibits City employers or their agents from refusing to hire "or employ or to bar or to discharge from employment" any individual because of their race, color, national origin, or citizenship, or discriminating against such persons "in compensation or in terms, conditions or privileges of employment." N.Y.C. Admin. Code § 8-107(1)(a)(2)-(3).

All provisions of the NYCHRL are interpreted broadly in favor of discrimination claims "to the extent that such a construction is reasonably possible." *Albunio v. City of New York*, 16 N.Y.3d 472, 477-78 (2011). "Courts must analyze NYCHRL claims separately from any federal law claims and should construe the NYCHRL 'liberally for the accomplishment of the uniquely broad and remedial purposes thereof.'" *Bueno v. Eurostars Hotel, Co., S.L.*, No. 21-CV-00535 (JGK), 2022 WL 95026, at *8 (S.D.N.Y. Jan. 10, 2022) (quoting *Mihalik v. Credit Agrocole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013)). A plaintiff need only show that they were treated "less well, at least in part for a discriminatory reason." *Khwaja v. Jobs to Move Am.*, No. 10-CV-07070 (JPC), 2021 WL 39911290, at *3 (S.D.N.Y. Sept. 1, 2021) (quoting *Mihalik*, 715 F.3d at 110 n.8). The Court considers Plaintiff's NYSHRL claims under a similar standard. *See Obah*, 2024 WL 2848903, at *9.

As with his Title VII claim, the Court finds that Plaintiff has alleged additional facts to nudge his national origin-based NYSHRL and NYCHRL claims across the line from conceivable to plausible. Thus, the Court recommends that Defendants' motion to dismiss Plaintiff's NYSHRL and NYCHRL claims be denied with respect to Plaintiff's discrimination claims based on national origin.

## **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that Defendants' motion to dismiss (ECF No. 39) be GRANTED IN PART and DENIED IN PART. Specifically, the Court recommends that Defendants' motion be granted with respect to Plaintiff's § 1983 claims and his discrimination claims based on race, color and religion and that Defendants' motion be denied with respect to Plaintiff's discrimination claims based on national origin. Thus, if the foregoing recommendation is adopted, remaining in this case will be Plaintiff's Title VII discrimination claim based on national origin against the City and Plaintiff's NYSHRL and NYCHRL discrimination claims based on national origin against all the Defendants.

Dated:	New York, New York
	June 17, 2025

_____
**STEWART D. AARON**
**United States Magistrate Judge**

\*       \*       \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1)

and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1). Any requests for an extension of time for filing objections must be addressed to Judge Woods.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140, 148 (1985).