```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
PATRICK C. OBAH,                                                    :
:
                                     Plaintiff,   :   1:23-cv-4997-GHW-SDA
:
              -v-                                                :   ORDER
:
CITY OF NEW YORK, *et al.*,                                         :
:
                                Defendants.  :
:
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

        On June 17, 2025, Magistrate Judge Stewart Aaron issued a Report and Recommendation on Defendants' pending motion to dismiss the Amended Complaint (the "R&R") recommending that the Court grant in part and deny in part Defendants' motion. Dkt. No. 47 (R&R). In that R&R, Judge Aaron concluded that Plaintiff failed to state a claim with respect to his § 1983 claims and his federal and state discrimination claims based on race, color, and religion. *See generally id.* The R&R also recommended that the Court deny Defendants' motion to dismiss with respect to Plaintiff's Title VII and New York state and city human rights law claims for discrimination on the basis of national origin. *See generally id.*

        A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2); R&R at 12–13 ("The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)."). The Court reviews for clear error those parts of the report and

recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

No objection to the R&R was submitted within the fourteen-day window. *See* Dkt. No. 48 ("[Plaintiff] accepted & adopted the recommendation of the . . . court."). The Court has reviewed the R&R for clear error and finds none. *See Braunstein v. Barber*, No. 06 Civ. 5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record"). The Court, therefore, accepts and adopts the R&R in its entirety. For the reasons articulated in the R&R, Defendants' motion to dismiss is granted in part and denied in part.

Judge Aaron's R&R does not make a recommendation regarding leave to amend. In this circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 148 n.4 (2d Cir. 2020) ("Under Rule 15(a)(2), leave to amend should be freely given unless there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Broidy Cap. Mgmt.*

*LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)). "A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA*, 758 F.3d at 505.

      Here, one report and recommendation has already been issued on a prior motion to dismiss. Dkt. No. 26. With the exception of the national-origin discrimination claims, which the R&R noted were supported by additional allegations made in Plaintiff's opposition brief, *see* R&R at 8–9, Plaintiff's Amended Complaint, Dkt. No. 33, has failed to correct the deficiencies identified in the first report and recommendation. *See* R&R at 7–8. Plaintiff has shown "repeated failure to cure deficiencies" after opportunities to amend, *see Metzler Inv. Gmbh*, 970 F.3d at 148; and he has not identified how further amendment would cure the deficiencies now twice-identified in the two opinions dismissing these claims. *See, e.g.*, *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) ("With respect to the previously pleaded claims, Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*.") (citing *Payne v. Malemathew*, No. 09–cv–1634, 2011 WL 3043920, at *5 (S.D.N.Y. July 22, 2011) ("That Plaintiff was provided notice of his pleading deficiencies and the opportunity to cure them is sufficient ground to deny leave to amend *sua sponte*."); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to amend because "the plaintiffs have had two opportunities to cure the defects in their complaints, . . . [and] have not submitted a proposed amended complaint that would cure these pleading defects"), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007); *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (affirming denial of leave to amend "given the previous opportunities to amend"). Accordingly, leave to amend is denied as to the dismissed claims.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to terminate the motion pending at Dkt. No. 39 and to mail a copy of this order to Plaintiff by certified mail.

SO ORDERED.

Dated: July 2, 2025
New York, New York

GREGORY H. WOODS
United States District Judge